

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-21-00275-CR

ROBERT THOMAS III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,454, Honorable Dan Mike Bird, Presiding

October 13, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Robert Thomas III, appealed his conviction for capital murder during the course of a robbery. Jerry McBride was the decedent. Four issues pend for consideration. Each relate to the trial court's admission of evidence purportedly in violation of Texas Rule of Evidence 404(b)(1). We affirm.

***Standard of Review***

Decisions regarding the admission of evidence are reviewed under the standard of abused discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008)

(involving the admission of evidence). So long as the ruling falls within the zone of reasonable disagreement, we cannot say that the trial court abused its discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). And, given that standard, any ground or theory supported by the record may be used to affirm the ruling, *Ramos*, 245 S.W.3d at 418, even if the trial court gave the wrong reason. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014).

### *Disputed Testimony*

Appellant complains of testimony from three different witnesses, namely Jasmine Scott, Gerald Copeland, and Brittany Owens. We describe each utterance.

Scott testified that McBride owned and operated the night club where he was murdered. Approximately a month before the murder, she conversed with appellant outside the club. Appellant allegedly told Scott that he was not allowed in the club, that he was "barred," and that the next time he robbed McBride, he would kill him. The defense lodged a 404(b) objection to which the state replied that the testimony was admissible under article 38.36 of the Texas Code of Criminal Procedure. The trial court agreed with the State and overruled the objection.

In turn, Copeland testified to overhearing an argument between appellant and McBride several months before the murder. During the exchange, McBride accused appellant of trying to rob him in the past. Apparently, appellant denied it and then said: "Man, ain't nobody did nothing to you. Ain't nobody robbed you. If I'm going to rob you, I'm going to kill you so that you can't say I did something to you[.]" The same Rule 404(b) objection was lodged. In response, the State again argued that the evidence was

2

admissible under article 38.36 of the Code of Criminal Procedure, and the court again agreed with the State.

Finally, we have the testimony of Owens, appellant's one-time girlfriend. She described witnessing appellant fire a gun in the parking lot of a Wichita Falls nightclub. A Rule 404(b) objection ensued. The State replied that it would soon show the relevance of the testimony. Based on that, the trial court overruled the objection. Eventually, the State offered evidence illustrating that shell casings recovered from this particular shooting matched those found at the McBride murder scene.

*Analysis*

Appellant argues that the disputed testimony was barred by Texas Rule of Evidence 404(b) and its admissibility under article 38.36 of the Code of Criminal Procedure mattered not. We overrule the issue.

Per article 38.36, either the State or defendant may offer testimony "as to all relevant facts and circumstances surrounding [a] killing and the previous relationship existing between the accused and the deceased." TEX. CODE CRIM. PROC. ANN. art. 38.36(a). This includes evidence of "all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense." *Id.* On the other hand, Rule of Evidence 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). Yet, evidence of a prior wrong or bad act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). And, that the former (article 38.36) does

3

not displace the latter (Rule 404(b)) is clear. *Garcia v. State*, 201 S.W.3d 695, 702 (Tex. Crim. App. 2006) (holding that evidence in murder cases remains subject to 404(b) despite 38.36). So, appellant correctly argues here that the trial court was obligated to consider his 404(b) objection irrespective of whether the evidence was admissible under article 38.36. Nevertheless, another obstacle impedes his ultimate victory.

As said earlier, the standard of review requires us to affirm the trial court's ruling if correct under other applicable theories. That proves true here.

The two comments of appellant about robbing and killing McBride concerned thoughts or words of future conduct. Inchoate thoughts, like those here, fall outside the scope of Rule 404(b). *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993) (stating that the "statements concerning appellant's thoughts of kidnapping and killing Cisneros were just that, inchoate thoughts" involving "no conduct . . . which alone or in combination with these thoughts could constitute a bad act or wrong, much less a crime" for purposes of Rule 404(b)); *see also Phillips v. State*, No. 10-15-00077-CR, 2016 Tex. App. LEXIS 8946, at *12 n.4 (Tex. App.—Waco Aug. 17, 2016, pet. ref'd) (mem. op., not designated for publication) (stating that appellant's expression about his desire to have Judge Smith and the District Attorney killed constituted inchoate thoughts outside Rule 404(b)(1)). So, legitimate basis existed upon which the trial court could have overruled a Rule 404(b) objection regarding this testimony. That being true, we cannot say that the trial court abused its discretion in admitting it.

Second, we reiterate that evidence of prior bad acts may be admissible for purposes of establishing identity. This is pertinent because shells found at the scene of the Wichita Falls incident matched those discovered at the McBride shooting. Matching

shells indicated a common identity between the person who fired them, or so one could reasonably believe.  That means the evidence was admissible under Rule 404(b)(2) as an exception to 404(b)(1).[1]  So, a decision to overrule the objection on this basis would fall within the zone of reasonable disagreement and outside the scope of abused discretion.

As for appellant's contention about being denied the opportunity for a limiting instruction, the record fails to illustrate that appellant requested one.  Such was a prerequisite, if he believed that 404(b) remained applicable despite article 38.36.   And, having failed to request it, he cannot complain of its absence.  *See Valadez v. State*, No. PD-0574-19, 2022 Tex. Crim. App. LEXIS 217, at *10 (Tex. Crim. App. Mar. 30, 2022) (stating that the failure to request a limiting instruction when the evidence is admitted will relieve the trial court of its duty to give the instruction in the written charge).

Appellant's final complaint concerns prior notice of the State's intent to proffer the evidence.  The State provided none.  The rule does provide that "[o]n timely request by a defendant . . . the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce" evidence of prior bad acts.  TEX. R. EVID. 404(b)(2).  But, this obligation would not encompass the testimony reiterating appellant's futuristic comments about robbing and killing McBride since, as we concluded, Rule 404(b) does not encompass them.  As for the Wichita Falls nightclub act, we return to the verbiage of the rule.  It mentions a "timely request."  In other words, a timely request for notification triggers the duty to notify.  *Flores v. State*, No. 04-13-00150-CR, 2014 Tex. App. LEXIS

---

[1] The same can be said of the testimony concerning appellant's comments about robbing and killing McBride.  They too tend to identify him as the person who eventually did it.  And, the identity of the actual killer was a subject in dispute at trial.

5

611, at *10-11 (Tex. App.—San Antonio Jan. 22, 2014, no pet.) (mem. op., not designated for publication). Appellant failed to direct us to any part of the record illustrating that he made such a request. Nor did our review of the record uncover one. Thus, the State's purported obligation to provide notice never came to fruition.

We overrule appellant's issues and affirm the trial court's final judgment.


Brian Quinn
Chief Justice


Do not publish.